570 F.2d 947
 1978-2 Trade Cases 62,297
 Unpublished Disposition
NOTICE: Fifth Circuit Local Rule 47.5.3 states that unpublished opinions should normally be cited only when they establish the law of the case, are relied upon as a basis for res judicata or collateral estoppel, or involve related facts. If an unpublished opinion is cited, a copy shall be attached to each copy of the brief.
Slidell Ford Tractor, Inc.
v.
Ford Motor Co. and Ford Motor Credit Co.
 No. 77-2379.
 United States Court of Appeals, Fifth Circuit.
 March 16, 1978.
 
 Before MORGAN, CLARK, and TJOFLAT, Circuit Judges.
 PER CURIAM.
 
 
 1
 In its suit against Ford Motor Company and Ford Motor Credit Company, Slidell Ford Tractor (Slidell) contended that Ford Motor had breached a dealership agreement with Slidell and that Ford Motor and Ford Credit were engaged in a conspiracy in restraint of trade. At the conclusion of Slidell's direct evidence, the trial judge granted the defendants' motion for a directed verdict. In its appeal from that verdict, Slidell contends that the trial judge committed ten errors. Taken together, those errors amount to a contention that there was evidence upon which a jury could have found for Slidell. For Slidell to prevail it is essential that its evidence establish two points: that Ford Motor and Ford Credit violated contractual provisions or that Ford Motor and Ford Credit engaged in a conspiracy to tie Ford dealerships to obtaining credit from Ford Credit. On both points the trial judge was correct in directing a verdict for Ford Motor and Ford Credit.
 
 
 2
 Slidell bases its contention that there was a breach of contract on Ford Motor's failure to supply enough tractors for Slidell to make a profit. To prove that it had been damaged by that breach, Slidell relied upon the prospectus that was prepared by Ford Motor prior to the signing of the dealership agreement. The trial judge explained in his minute entry that the primary reason for the directed verdict "was that plaintiff had failed to prove damages with sufficient specificity to carry its burden of proof as to that essential element of its claims." We find no error in that conclusion. The prospectus was no more than a projection of estimated future earnings for the dealership. The prospectus contained no guarantee that the actual earnings would approximate the projected earnings. In fact, there was an explicit disclaimer of any guarantee clearly printed at the bottom of the prospectus. Moreover, the president of Slidell testified that he knew that Ford Motor was only giving him an opportunity to earn the sums estimated on the prospectus and that the documents which he signed contained no commitment from Ford Motor. The documents themselves support that interpretation.
 
 
 3
 Slidell's allegation of an antitrust violation is based upon its contention that it was compelled to use Ford Credit as a condition of obtaining the dealership from Ford Tractor. Again, however, that contention was refuted by the testimony of the president of Slidell. He admitted that there was no obligation that Slidell use Ford Credit. His admission was also supported by the documents which he signed.
 
 
 4
 Thus both the documentary evidence and the testimonial evidence failed to provide a basis for either of Slidell Ford's causes of action. Because "reasonable men could not have arrived at a contrary verdict," the district judge was correct in directing a verdict for Ford Motor and Ford Credit. See Boeing Company v. Shipman, 411 F.2d 365, 374 (5th Cir.1969) (en banc).
 
 
 5
 In addition to our synthesis of Slidell's contentions, we have considered each of the ten grounds of error urged in its brief. Only one of those grounds requires additional discussion. Slidell argues that the trial judge erred when he refused to qualify Slidell's expert witness. That witness, an associate professor of management sciences and accounting at Loyola University, would have testified to projected earnings that Slidell could have expected had it been furnished the number of tractors estimated in the prospectus. We need not consider whether the professor's field of expertise is sufficiently defined to allow him to testify as an expert, for we agree with the trial judge that even if the professor were an expert his testimony, based as it was upon only the estimated projections in the prospectus, could not have formed the basis for recovery. See Autrey v. Williams and Dunlap, 343 F.2d 730, 742 (5th Cir.1965); Campbell v. Lelong Trust, 327 So.2d 533, 536 (La.App.1976). The trial judge has wide discretion in deciding whether to admit a witness as an expert. Salem v. United States Lines Company, 370 U.S. 31, 35, 82 S.Ct. 1119, 1122, 8 L.Ed.2d 331 (1962). There was no abuse of that discretion in this case.
 
 
 6
 Affirmed.